**In re Paul M. KELLEY, Debtor.**

**Bankruptcy No. 18200088.**

United States Bankruptcy Court,
W.D. Kentucky.

Oct. 29, 1985.

J. Richard Downey, Franklin, Ky., for debtor.

H. Jefferson Herbert, Jr., Glasgow, Ky., for PCA.

Robert E. Brizendine, Atlanta, Ga., for debtor.

## MEMORANDUM OPINION

MERRITT S. DEITZ, JR., Bankruptcy Judge.

A reorganization plan which expressly provides for certain remedies upon default may close the door to the traditional creditor's remedy of dismissal of a Chapter 11 case for a default of that same type. That lesson of logic is learned from the case at hand.

This farm reorganization plan was confirmed in April, 1983, and it provided among other things that upon the debtor's failure to make annual payments on a secured debt to the Mammoth Cave Production Association, the PCA's exclusive remedy would be to foreclose on its collateral, with no resulting personal liability of the debtor. The exculpatory nature of the remedy is emphasized by its recitation no fewer than four times, using slightly different phraseology each time, in the text of the plan.

After the debtor's failure to make a first payment of $75,000, and for other reasons to which we will turn shortly, the PCA moved under 11 U.S.C. § 1112 for dismissal of the confirmed plan for "material default".

Certainly a plan provision for such a substantial payment *standing alone* would, when breached, give rise to a claim of "material default". But this plan goes on to provide:

> Once again, these obligations to pay Mammoth Cave are "in rem" in nature, and Debtor personally has no obligation to pay same, but, as long as Debtor continues to pay the annual amounts indicated above, Debtor may continue to use the equipment upon which Mammoth Cave has retained its security interest. Should the Debtor fail to make any payment shown on the preceding schedule, Mammoth Cave may forthwith retake possession of all of its collateral, without further orders or proceeding. Should Mammoth Cave Production Credit Association retake possession of its collateral, the Debtor shall have no further obligation to Mammoth Cave Production Credit Association hereunder.

The creation of an alternative remedy gives the debtor, in effect, an option: Either make the payments when due or hand over the property. With such a provision the debtor gained no additional advantage, and the creditor made no further sacrifice, than would have occurred in a straight liquidation proceeding. In fact, given the judicial history of farm reorganizations in this district, this "walk-away" provision is a fair restatement of the laws of probability.[1]

To the extent that the substitute remedy created an option, it may be said that the debtor's nonpayment of the first annual installment was not a default at all, material or otherwise; by failing to pay he merely elected to give up the secured property. The PCA repossessed its collateral prior to

---

1. Of the 66 farm Chapter 11 cases filed during the federal fiscal years 1982 and 1983, 15 were converted; 23 were dismissed (in most of which Chapter 7 petitions were thereafter filed), and only six were confirmed. The remaining 22 cases are still working their way through the court to ultimate disposition.

the commencement of the present action, and therefore may be considered satisfied according to our reading of the plan.

We give only limited sanction to the practice of providing alternative remedies in reorganization plans. As we have said, the provision we consider here is reasonable insofar as it is the plan equivalent of what the debtor could have by statutory right in a liquidation case. But we can envision plan-based remedies which might contravene the statute or offend the conscience of equity. Any such remedy, for example, which would treat creditors unfairly or take undue advantage of the basic goal of reorganization, would not likely pass muster.

Nor does our endorsement of the "walkaway" option necessarily elevate a reorganization plan to greater dignity than the statute which allows it. We simply prefer, out of considerations of judicial restraint and respect for the integrity of the Chapter 11 process, to fall short of statutory confrontation absent a clear conflict between the plan and the law.

Two other debtor actions are pointed to by the PCA as constituting "material default" warranting dismissal of the proceeding.

First, it is alleged that the debtor misapplied payments received under the PIK (Payment In Kind) Program toward rents and production loans rather than toward a reduction of the PCA's secured indebtedness. However, by its own admission, the PCA had no security interest in either the debtor's 1983 fall crop or the PIK payments associated with it. The reorganization plan gives the PCA no lien or security interest in those payments, and the PCA therefore has no special claim against them.

Second, the PCA asserts that the debtor wrongfully disposed of a tractor which was part of the general farm equipment in which the PCA had a security interest. The tractor in question is a specially-modified machine used only at shows and tractor-pulling competitions, and the debtor has consistently maintained from the outset that the tractor was his son's, not his, property. The question has never been decided by, nor even submitted to, the court. We are therefore unable to say to whom the tractor belongs.

With the tractor never having been essential to the bankrupt estate, and with it now having been disposed of, the question of liability, if any, seems to be one which can best be addressed by a nonbankruptcy court, at this late post-confirmation date. The debtor has moved for our abstention in this regard, and we will by separate order sustain that motion, thus freeing the controversy under 28 U.S.C. § 1334(c)(1) for adjudication by an appropriate state court. For purposes of this opinion, we do not believe that we can characterize as a "material default" the disposition of property the ownership of which is in question and the nature of which makes it unnecessary to full compliance with the Order of Confirmation.

In summary, none of the three reasons relied upon by the PCA bear close inspection on the question of material default, and dismissal of this confirmed case is not warranted. We will by separate orders reflect and implement these findings of fact and conclusions of law.